**JONES, Plaintiff-Appellant, v. GAREK et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4625. Decided November 2, 1951.

84

Brownfield, Schwenker & Teaford, Joseph F. Ford, of Counsel, Columbus, for plaintiff-appellant.

Richard W. Gordon, City Atty., Baxter Evans, Special Counsel, Edward J. Cox, Senior Asst. City Atty., Columbus, for defendants-appellees.

### OPINION

By THE COURT.

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming an order of the Municipal Civil Service Commission of the City of Columbus reducing appellant from his position of Lieutenant in the Columbus Fire Department to Fire Fighter and suspending him for thirty days without pay.

The facts essential to an appreciation of the questions presented are that appellant, prior to the order complained of, had been for almost fifteen years an employee of the Columbus City Fire Division. At the time of his suspension he was stationed at No. 8 Engine House, 20th Street and Mt. Vernon Avenue, and just a short time before had been advanced to the rank of Lieutenant. A few days prior to November 28, 1950, there had been an unusually heavy fall of snow in the city greatly restricting traffic and resulting in the calling of members of the Fire Department to their respective stations. There is some question if an emergency was formally declared prior to the evening of November 28, but, in any event, an alert had been sounded and the appellant had reported on time on the 28th.

Prior to October 31, 1950, appellant had held the property in which he resided on a written lease by the terms of which he paid $75.00 per month as rent. The lease having expired the rent was raised to $132.00 per month and because of some difficulty between appellant and his landlord he had instituted an action in forcible detainer to recover possession of the premises in which appellant, his wife and two children lived. While the suit was pending the parties came to an agreement whereby appellant was to have the privilege of purchasing the premises, although the landlord was to take judgment on his action. Appellant was to make a down payment on the purchase price of $500.00 on or before November 27th, 1950, at 10:00 o'clock, A. M., in default of which appellant would enforce his judgment by a writ of restitution. On the 27th appellant contacted counsel for his landlord who informed appellant that because of inclemency of the weather counsel could not be at his office on the 27th but would be there on the 28th to accept the payment according to the contract.

Shortly after appellant reported for duty on the morning of November 28th he made application through his superior officer for leave for sufficient time to meet his appointment with counsel for appellant's landlord. Appellant's captain called the Chief of the department who refused to grant the leave based on the emergency order. Appellant requested and secured permission to speak to the Chief to whom he explained that the appointment was about a real estate transaction which was for his benefit and of grave concern to him. Later he sought and secured permission to talk to two Deputy Chiefs, without success. All of these conversations, necessarily by telephone, and the arrangements required to complete them took considerable time. In his dilemma, the dead line for his appointment approaching, appellant told his superior officer

that he would leave to meet his appointment. He was informed that if he did he would be suspended. Appellant left the fire engine house at 9:25 A. M., walked to his home, got the $500.00, then to the office of the attorney for the landlord by 10:00 A M., and made the payment on the purchase price, as he had agreed to do. He then went to the office of a friend, an attorney, and sought his assistance in enabling appellant to return to his work. The attorney called the Chief of the Fire Department in an attempt to arrange for appellant's return and was then told that he had been suspended.

On November 30, 1950, at about 6:40 P. M. appellant was served with a written notice of his suspension as of November 28, 1950, 9:25 A. M., setting forth two charges against him. This complaint was signed by the Chief of the Division of Fire and at the same time, by separate letter, appellant was notified by the Director of the Department of Public Safety that he would be given a hearing on the charges and specifications at 11:00 A. M., December 1, 1950. Appellant engaged counsel on the morning of December 1, 1950, who called the Safety Director and first was unable to contact him; later, reached him and attempted to secure a continuance of the hearing. As a result of this conversation he secured a continuance of one hour and a refusal of any further extension of time.

The appellant with his counsel attended the hearing before the Director of Safety. Protest was made against requiring appellant to submit to a hearing because he did not have opportunity to produce witnesses in his behalf but the hearing proceeded. The Chief of the Fire Department, two Assistant Chiefs and a Captain in the Engine House where the appellant was stationed testified in support of the charges against appellant. Appellant was the only witness offered in his behalf. At the conclusion of the hearing the Director of Safety found the appellant guilty as charged, ordered him reduced from his rank of Lieutenant in the Division of Fire to that of Fire Fighter and ordered him suspended for a period of ninety days.

An appeal to the Commission was perfected at which time it appears that the Deputy Clerk of the Municipal Court. the Chief of the Division of Fire, the Secretary of the Division of Fire, Assistant Chief of the Division of Fire and appellant appeared as witnesses. Thereafter, the Commission affirmed the action of the Director of Public Safety in the order demoting appellant in rank but modified the ninety day suspension to thirty days suspension. An appeal to the Common Pleas Court was noted with the result as heretofore stated.

The information respecting the proceeding before the Civil

Service Commission is taken from a Certificate of the Proceeding by the Secretary of that Commission, but the record is not attached to or made a part of the bill of exceptions or the transcript of docket and journal entries.

There also appears as a part of the hearing before the Director of Public Safety what purports to be a copy of an affidavit of George H. Chamblin, attorney for appellant's landlord, together with the notation, partly in ink and partly in pencil, "Admitted (in Civil Service hearing)," and it is stipulated that it was before the Commission. This affidavit completely supports the testimony of the appellant before the Director respecting the suit against him in Municipal Court, the agreement growing out of this suit, the taking of a judgment in forcible detainer, an agreement on the part of appellant to make the $500.00 down payment on purchase price on or before Monday, November 27, 1950; further, that in the event defendant should fail to raise and pay over said sum of $500.00 at the office of affiant on or before 10:00 A. M., November 27, 1950, "said judgment would be enforced and writ of restitution issued" on that day; that this time was extended to 10:00 A. M., November 28, 1950, and that appellant came to affiant's office on that date and paid said sum.

As an exhibit attached to the record made in the hearing before the Director of Safety, there appears Rule 10 of the Civil Service Commission which provides, as in §486-17a GC, for an appeal by an employee who has been suspended by his appointing authority for disciplinary reasons and that upon hearing the Commission may affirm, disaffirm or modify the order of the appointing authority. (Emphasis ours.) There is a further provision in such appeals:

"the Commission will review the transcript of the testimony taken before the Director of Public Safety * * * and no further testimony shall be produced before the Commission from any witnesses (other than the appellant) who has testified in the case, unless for good cause the Commission permits additional testimony."

It will be observed that the notice served on appellant was not of a suspension by the appointing authority who is the Safety Director, nor was there any hearing by the Commission upon the sufficiency of the cause of the order set out in the notice.

Appellant assigns four errors:

(1) The appellant was never granted a hearing before the Commission within the meaning of §486-17 GC.

(2) There is no provision in law for the Commission to delegate by rule to the Safety Department the requirement

placed upon said Commission by statute to conduct hearings.

(3) The appellant was not granted reasonable time in which to prepare for the purported hearing before the Safety Director; and

(4) In adjudging that there was sufficient cause for the Commission to make its order of reduction in rank and suspension of appellant.

We first consider the third assignment of error which is established. The written notice from the Safety Director and the suspension notice over the signature of the Chief of the Fire Department did not accord to appellant a reasonable time in which to make and file an explanation. This obligation is enjoined upon the appointing authority by our Supreme Court in **State, ex rel. v. Witter, 110 Oh St 221.**

The employee was notified at 6:40 P. M. on the 30th of November of his suspension and that his hearing would be conducted the next day at 11:00 A. M. Any explanation which appellant might offer must have been filed by the time of the hearing to be of any advantage to him. The notice gave him an over-all period of sixteen hours and twenty minutes, including the night season, between his notification and his hearing. It gave him but two hours during the business period of the day, viz., from 9:00 A. M. until 11.00 A. M., December 1, 1950. It is manifest that the intention of the Civil Service Law is that the suspended employee, as a protection to him, have reasonable opportunity to prepare and file his explanation. Such opportunity may require that the suspended employee secure legal assistance. Such assistance clearly was needed by the appellant to a proper explanation of his defense which was involved and extended. To limit him as he was limited was unreasonable and in violation of the express terms of the statute. As a matter of fact, probably because of a denial of sufficient time to prepare an adequate explanation, it was not filed with the Director of Safety before the hearing which he conducted. Nor was it filed at any time. Such explanation as the appellant was permitted to give was not before he appeared before the Safety Director, as is contemplated by law, but at the end of the hearing and after a number of his superior officers had testified against him and without any opportunity afforded him to corroborate by impartial witnesses the testimony which he had offered in his defense. Thus, the appellant was forced into the hearing over his protestations and without time or opportunity to properly present his case. At the end of the hearing appellant was adjudged to lose his rank as Lieutenant to attain which he had spent almost fifteen years in the service and

was suspended for ninety days. The order was modified only as to the number of days of suspension.

It is suggested in support of the judgment that the appellant should have planned to meet his obligation on the purchase agreement at an earlier date than the 28th of November and thus have avoided the extremity with which he was confronted. This proposition fails to take into consideration that appellant had no reason to anticipate the unusual and unexpected development of the weather which created the emergency requiring his presence at his station on the day of his suspension.

Independent of the failure of appellees to observe the letter or the spirit of the statute, the pressing of appellant into the hearing before the Safety Director under the circumstances appearing in this record was an abuse of discretion, if not a denial of due process of law.

We are of opinion that the first and second assignments of error are supported by this record.

Upon the proceedings as conducted there were two orders issued against the appellant: The first, the temporary suspension, or layoff, by the Chief of the Fire Department; the second, the judgment and sentence, the subject of the second order by the Safety Director after the hearing on the complaint against the appellant. Although §486-17 GC says that §486-17a GC shall be given application in the suspension or reduction in rank of a member of a fire department, §486-17a GC treats of a removal of an employee at which time the final judgment in its entirety has been pronounced. There is then and in other comparable orders, something specific to which an appeal can be directed but the order served upon the appellant here was not intended to be final and the next step to be taken pursuant to this notice is set out by §486-17 GC.

Secs. 486-17 and 486-17a GC are identical in provisions requiring the furnishing of the employee with a copy of the order of suspension and in according to him the right to make written explanation and to have a reasonable time within which to make such explanation. They differ as to procedure subsequent to the giving of the notice and the filing of the explanation, if made.

Sec. 486-17 GC provides:

"Such order together with the explanation shall be filed with the commission and * * * the commission shall conduct a hearing following the filing of the order and explanation to determine the sufficiency of the cause of the order."

This language in mandatory form enjoins upon the Commission, not upon any other authority, the obligation to conduct

a hearing when the suspension order is filed with it and the object of its hearing is to determine the sufficiency of the cause of the suspension. It is inconceivable that the filing of appellant's explanation after the final adjudication of the Safety Director on the complaint could be of any benefit to him. On the other hand, if the Commission had accorded him a hearing on the original order of suspension and upon his written explanation, if filed, had found in his favor, the proceedings would have been at an end.

The Commission by its Rule 10 has concluded either, that the hearing upon appeal is synonymous with the hearing provided for in §486-17 GC or, that the hearing by the Safety Director of the charge against the suspended employee meets the intendment of the hearing provided by §486-17 GC. We do not agree with either theory.

Because of our view of the other assignments of error we do not pass upon the 4th assignment.

The judgment will be reversed and cause remanded.

HORNBECK, PJ, MILLER, J, and NICHOLS, J, of the Seventh District, sitting by assignment, concur.